IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES ALLEN HALL, } | |
| TDCJ-CID NO.675833, } | |
| Petitioner, } | |
| } | |
| V. } | CIVIL ACTION NO. . H-07-2532 |
| } | |
| } | |
| NATHANIEL QUARTERMAN, } | |
| Respondent. } | |

## OPINION ON DISMISSAL

Petitioner Charles Allen Hall, a state inmate, seeks habeas corpus relief under 28 U.S.C. ' 2254. For the reasons to follow, the Court will dismiss this petition without prejudice.

Background and Procedural History

On April 13, 1994, petitioner was convicted in the 338th Judicial District Court of Harris County, Texas of possession of cocaine in cause number 68573. (Docket Entry No.1); *Hall v. Johnson*, Civil Action No. H-97-2770 (S.D. Tex. July 16, 1998). A jury set punishment at twenty-five years confinement in TDCJ-CID as a habitual offender. *Id.* The state appellate court affirmed petitioner=s conviction on direct appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Hall v. State*, 928 S.W.2d 186 (Tex. App.BHouston [14th Dist.] 1996, pet. ref=d). Petitioner=s first state habeas application was denied without written order on the findings of the trial court without a hearing. *Ex parte Hall*, Application No.33,827-01 (Tex. Crim. App. June 18, 1997); *Hall v. Johnson*, Civil Action No. H-97-2770.

His second state habeas application challenging the same conviction was dismissed as an abuse of the writ. *Ex parte Hall*, Application No.33,827-02.[1]

In his first federal habeas proceeding, petitioner challenged his 1994 conviction on grounds that he received ineffective assistance of counsel, his rights were violated by a warrantless search, the indictment was defective, and he was not given his *Miranda* warnings. *Hall v. Johnson*, Civil Action No. H-97-2770 (S.D. Tex. July 16, 1998). This Court granted respondent=s motion for summary judgment and denied petitioner relief. *Id.* Petitioner did not appeal the judgment.

In the pending petition filed July 30, 2007, petitioner complains that his conviction is illegal because he was subject to an unlawful search and seizure, his arrest was unlawful, exculpatory evidence was withheld, and jury selection was unconstitutional and not impartial. (Docket Entry No.1).

Discussion

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. ' 2244(b) provides as follows, in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under ' 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under ' 2254 that was not presented in a prior application shall be dismissed unlessB
>
> > (A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases

---

[1] *See* Texas court website at www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2230489

       on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. ' 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. ' 2244(b)(1).

In the present federal petition, filed on July 30, 2007, petitioner again challenges his 1994 drug conviction. (Docket Entry No.1). He makes no allegation or showing that he has sought or received authorization from the court of appeals to proceed in this Court as to any new claims he is raising with respect to this conviction. Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this Court on any new claims. To the extent that petitioner seeks relief on claims presented in prior federal habeas proceedings, such claims are DISMISSED with prejudice.

The Court finds that petitioner has not made a substantial showing that reasonable jurists would find the Court=s procedural ruling debatable. *See Beazley v. Johnson*, 242 F.3d

3

248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). For this reason, the Court finds that a certificate of appealability should not issue in this case.

Signed at Houston, Texas, on this 23rd day of August, 2007.

Melinda Harmon
United States District Judge

4